1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   F5 NETWORKS, INC.,                          CASE NO. C10-654MJP

11                    Plaintiff,               ORDER ON MOTIONS FOR STAY
                                               AND PROTECTIVE ORDER

12          v.

13   A10 NETWORKS, INC.,

14                    Defendant.

15

16          The above-entitled Court, having received and reviewed

17      1.  Defendant's Motion to Stay Proceedings for Reexaminations of the Patents-in-Suit

18          (Dkt. No. 46), Plaintiff's Opposition to Defendant's Motion to Stay Proceedings (Dkt.

19          No. 51), and Defendant's Reply Brief in Support of Motion to Stay Proceedings for

20          Reexaminations of the Patents-in-Suit (Dkt. No. 53);

21      2.  Defendant's Motion for Protective Order Regarding Plaintiff's Pending Discovery

22          Requests (Dkt. No. 48), Plaintiff's Opposition to Defendant's Motion for Protective

23          Order (Dkt. No. 49), and Defendant's Reply Brief in Support of Motion for Protective

24          Order Regarding Plaintiff's Pending Discovery Requests (Dkt. No. 54)

1   and all attached declarations and exhibits, makes the following ruling:

2          IT IS ORDERED that the motions are DENIED.

3   **Background**

4          Plaintiff is one of the early entrants into the "load-balancing technology" (applications

5   which permit distribution of workload across multiple computers or networks to maximize

6   efficiency and response time and avoid overload) market.  Defendant is a six year-old firm which

7   offers competing products.

8          This patent infringement lawsuit has been pending for eight months.  Plaintiff has

9   amended its complaint twice, the second time to add a trade secret misappropriations claim

10  unrelated to the patent issues.  The parties negotiated an agreed case schedule and filed a Joint

11  Status Report which does not mention any plan to petition for reexamination of the patents.

12  Only after receiving Plaintiff's first set of discovery requests and its infringement contentions did

13  Defendant indicate its intent to request reexamination by filing these motions.  While Defendant

14  claims that it will file the requests prior to December 13, 2010, there is no indication in the

15  record that it has done so.

16  **Discussion/Analysis**

17         In support of its request for a stay of the proceedings, Defendant cites to a "liberal

18  policy" of "this Court as well as sister district courts in the Ninth Circuit and the Federal

19  Circuit… that favors granting motions to stay pending reexamination."  Motion, p. 3.  While the

20  Court is certainly aware that this district has consistently applied the same test to determine

21  whether stays are appropriate in similar circumstances (*see infra*), it is unaware of any "policy"

22  which <u>favors</u> the granting of such stays.

23         Plaintiff, on the other hand, cites decisions holding that stays are especially <u>dis</u>favored in

24  litigation between direct competitors such as these parties.  See <u>Oracle Corp. v. Parallel</u>

ORDER ON MOTIONS FOR STAY AND
PROTECTIVE ORDER- 2

1  Networks, LLP, 2010 WL 3613851 at *3 (D.Del. 2010); Nidec Corp. v. LG Innotek Co., Ltd.,

2  2009 WL 3673433, at *3-4 (E.D.Tex. 2009).  For the reasons discussed below, the circumstances

3  of this case do not favor the granting of a stay at this time.

4         This Court does follow a three-factor test in analyzing these requests; the factors are:

5     1.  Will a stay simplify the issues in question?
      2.  Is discovery complete with a trial date already set?
6     3.  Will a stay unduly prejudice or present a clear tactical advantage to the non-movant?

7  WRE-Hol, LLC v. Pharos Science & Apps., 2010 U.S. Dist. LEXIS 83570, at *4-5 (W.D.Wash.

8  July 23, 2010)(citing Implicit Networks, Inc. v. Advanced Micro Devices, Inc., 2009 U.S. Dist.

9  LEXIS 14467, at *2 (W.D.Wash. Feb. 9, 2009)).  The factors are analyzed separately below.

10  *Simplification*

11        Defendant's request for a stay is hampered by the fact that it has moved for a stay based

12  on a request for reexamination  (1) before the request has even been filed (Defendant indicates it

13  will file the reexamination request by December 13, 2010, but there is no indication in the court

14  record that such a request has been filed as of the date of this order) and (2) without specifying a

15  single claim for which it will seek reexamination or a single issue of patentability with respect to

16  any claim.  Defendant argues that (according to the case schedule) it is not required to divulge its

17  position on invalidity until December 13.  That may be correct, but it does not alter the fact that

18  it is not possible to predict whether a successful reexamination request will simplify the issues in

19  the case if the Court does not know what they are.

20        Furthermore, Defendant does not indicate whether its reexamination request will be *inter*

21  *partes* (which permits the requester to participate in the process) or *ex partes* (in which the

22  USPTO rules without input from the requester).  The significance of this omission is that, if

23  Defendant does request an *ex partes* reexamination, it will not be bound by findings of validity

24  or modification, so once again the Court cannot predict if the issues will actually be simplified at

1  the conclusion of the reexamination process.  Defendant merely responds that "this Court's

2  precedent does not require disclosure of such case strategy before granting a stay."  Reply, p. 5.

3  Again, Defendant may be technically correct, but the Court remains in the dark on the

4  "simplification" issue.

5     Plaintiff also points out that, with 30 asserted claims in the case, it is unlikely that

6  reexamination will result in cancellation of <u>all</u> the claims.  Plaintiff cites Defendant's own

7  USPTO statistics to show that in only 13% of all *ex partes* reexaminations were all claims

8  cancelled.  Response, p. 10.  Additionally, there are causes of action in this lawsuit (the trade

9  secret misappropriation claim) which are not related to the patent claims and will not be affected

10  by the reexamination outcome.  The result is that, regardless of the outcome of the

11  reexamination, there will still be triable issues remaining at the conclusion of this  multi-year

12  process, which does not favor a finding of simplification or judicial economy.

13  <u>*Stage of the case*</u>

14     As Defendant points out, Plaintiff does not contest that the case is at a very early stage of

15  litigation.  Although a trial date has been selected, it is 16 months away.  Discovery has not yet

16  begun (although Plaintiff has propounded its first set of discovery requests).  The Court finds that

17  this factor is in Defendant's favor.

18  <u>*Prejudice*</u>

19     Plaintiff argues that the "direct competitors" aspect of this litigation means that, during

20  any delay occasioned by a reexamination stay (which Plaintiff estimates at two to three years, not

21  counting any appeal which follows), F5 would still be competing against the allegedly infringing

22  products of Defendant, losing market share as well as goodwill and reputation (which it claims

23  are not monetarily compensable).  And, since it is unlikely that the reexamination request will

24

ORDER ON MOTIONS FOR STAY AND
PROTECTIVE ORDER- 4

1  resolve <u>all</u> of the claims and causes of action, the parties will be back in front of this Court in

2  another two to three years, with another 18 months after that before they get to trial.  If no stay is

3  granted, all issues are resolved less than 18 months from now.

4       The Court is further persuaded to deny the motion by the increasing likelihood that,

5  between now and the point several years from now when the reexamination is concluded and

6  litigation resumed, witnesses will become unavailable and memories will fade, a further

7  prejudice to Plaintiff.   The "prejudice" factor is decidedly in Plaintiff's favor.

8  **<u>Conclusion</u>**

9       Based on the customary three-factor test, the Court finds that the elements of

10  "simplification" and "prejudice" do not weigh in favor of granting Defendant's request, and on

11  that basis the motion for stay is DENIED.  Since Defendant's motion for protective order was

12  premised on being granted its request for a stay, that motion is likewise DENIED.

13

14       The clerk is ordered to provide copies of this order to all counsel.

15       Dated:  December 10, 2010.

16

17

18       Marsha J. Pechman

19       United States District Judge

20

21

22

23

24