THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F5 NETWORKS, INC., a Washington corporation, | No. 2:10-cv-00654-MJP |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| A10 NETWORKS, INC., a California corporation, | |
| Defendant. | |

Plaintiff F5 NETWORKS, INC. ("Plaintiff" or "F5") and defendant A10 NETWORKS, INC. ("A10") (collectively, "the Parties") respectfully request that the Court enter the following Stipulated Protective Order ("SPO" or "Order").

## I.   GENERAL

### A.   PURPOSE AND LIMITATIONS

This is a patent case involving computer hardware and software technologies for distributing data over a network via traffic managers (F5's asserted patents) and for managing access records of user access to secure data networks (A10's asserted patent). This case also involves a trade secret claim. As such, discovery in this case is likely to involve production of confidential, proprietary, and/or private information for which special protection from use other than for this litigation and from public disclosure is warranted. The Parties desire a protective

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 1

order to protect their interests in their respective confidential information, as defined in Paragraphs I.C.6, I.C.7 and I.C.8 below, by controlling access to and use of the information, while allowing discovery of the information to conduct this litigation and not for any other purpose.

The Parties acknowledge that this Order does not confer blanket protection on all of the disclosures that may be made in discovery; rather, the protections extend only to the types of information described herein as "Protected Material."  *See* Paragraph I.C.9, *infra*.  The Parties further acknowledge that Civil Local Rule 5(g) sets forth the procedure that must be followed for a party to file information under seal and that they will comply with Civil Local Rule 5(g) when seeking permission from the Court to file information under seal.

**B.     GOOD CAUSE FOR ENTRY**

The Parties have good cause for entry of this Order because discovery in this case will most likely entail, among other things: (1) confidential information regarding the computer technologies at issue, including proprietary and highly-sensitive source code; (2) confidential information regarding each party's business operations, products, finances, and relationships with third parties; and (3) confidential information regarding customers of the Parties and/or non-parties.  Such information is especially sensitive and confidential because the Parties are competitors and the market for the products at issue is a highly competitive one.

**C.     DEFINITIONS**

The following additional definitions supplement those mentioned above:

1.     Solely for convenience of definition in this Order, "Party" refers to any of the named corporate entities in this action, and all of their respective officers, directors, employees, consultants, retained experts, and Litigation Counsel (and their respective support staffs).  Only entities named in the Complaint and/or a counterclaim are parties to this action for purposes of the Federal Rules of Civil

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 2

Procedure or the Local Rules.  Counsel represent only the named entities for which they have expressly appeared.

2. "Designating Party" refers to the Party (or nonparty) that specifies, in good faith, the particular level of confidentiality for any Disclosure or Discovery Material that it will be producing.

3. "Producing Party" refers to the Party (or nonparty) that produces Disclosure or Discovery Material in this action.

4. "Receiving Party" refers to the Party that receives Disclosure or Discovery Material that a Producing Party.

5. "Disclosure or Discovery Material" refers to all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or discovery in this action.

6.  "Confidential" material refers to all information or items that (i) the Designating Party believes in good faith constitute confidential and/or proprietary information pertaining to its trade or business; (ii) the Designating Party believes in good faith are not generally known to others; and (iii) the Designating Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, regardless of the medium on or manner by which the Confidential material is generated, stored, or maintained.  "Confidential" material also includes information and items that the Designating Party believes in good faith fall within any right to privacy guaranteed by law.

7. "Highly Confidential" material refers to all information or items that the Designating Party believes in good faith constitute highly-sensitive "Confidential" material, the disclosure of which to another Party (or nonparty) would create a risk of serious harm that could not be avoided by less-restrictive means, regardless of the medium

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 3

on or manner by which the "Highly Confidential" material is generated, stored, or maintained.  "Highly Confidential" material also includes any "Confidential" material that the Designating Party believes in good faith is significantly sensitive and/or has competitive value, including trade secrets, confidential research and development material, financial or other competitive information, and any other information that is protected by any right to privacy guaranteed by law.

8.  "Highly Confidential—Source Code" material refers not only to software source code, but also to firmware, HDL (hardware description language) code, or other related material that (i) is written in any language at any level of abstraction, e.g., a high-level or assembly-type  language that is generally readable by humans but that is not directly executable by a computer when used for its normal intended purpose and (ii) the Designating Party believes in good faith constitutes extremely sensitive "Highly Confidential" material and for which disclosure to another Party or nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means, regardless of the medium or manner generated, stored or maintained (collectively "Source Code").

9.  "Protected Material" refers to any Disclosure or Discovery Material that is designated as either "Confidential," "Highly Confidential," or "Highly Confidential—Source Code."

10. "Litigation Counsel" refers to the attorneys (and any support staff) who are employees of a law firm where at least one attorney of the law firm is listed in the Court's docket as representing a Party.

11.  "In-House Counsel" refers to attorneys (and any support staff) who are employees of a Party named in the Complaint or a counterclaim.

12. "Counsel" (without qualifier) refers to Litigation Counsel and In-House Counsel (as well as their support staffs).

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 4

13. "Expert" refers to any person with specialized knowledge or experience in an area pertinent to this litigation and who (i) has been retained by a Party or a Party's Counsel to either provide expert testimony (in any form) or to serve as a consultant in this litigation; (ii) is not a former or current employee or non-litigation consultant of any Party or of any Party's competitors; and (iii) at the time of retention, is not believed will become an employee or non-litigation consultant of any Party or any Party's competitor.  "Expert" includes any technical experts, financial experts, and professional jury or trial consultants retained for any trial in this action.  To the extent an Expert receives Protected Material in the course of his or her assignment, the Expert may only use or rely on this Protected Material as it concerns this case, and for no other purpose.

14. "Professional Vendors" refers to persons or entities that provide litigation-support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

15. "Return Material" refers to Protected Material, including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.

**D.    SCOPE**

In addition to the Protected Material itself, this SPO also covers (i) any information copied or extracted from any Disclosure or Discovery Material; (ii) all copies, excerpts, summaries, or compilations of any Disclosure or Discovery Material; and (iii) any testimony or presentations given by the Parties or their Counsel (or by any nonparty or its Counsel), whether in deposition, in this Court, or in any other setting related to this action that might involved the disclosure of any Protected Material.

**E.    DURATION**

Even after termination of this litigation, the obligations imposed by this SPO shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs.

## II.    DESIGNATING PROTECTED MATERIAL

**A.    EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION**

Any Designating Party must take care to limit any of its confidentiality designations to material that specifically qualifies under the appropriate definition set forth in this Order.  The Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that so qualify, such that other portions of the material, documents, items, or communications for which special protection is not warranted are not swept unjustifiably within the ambit of this SPO.

If a Designating Party or its Counsel realizes or learns of an improper designation (*e.g.*, because the information does not qualify for protection at all or does not qualify for the particular level of protection initially asserted), the Designating Party or its Counsel shall promptly notify all other Parties and either withdraw the original designation or provide a new designation.

**B.    MANNER AND TIMING OF DESIGNATIONS**

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this SPO must be clearly designated as Protected Material before the Designating Party produces or otherwise discloses it.

Designation in conformity with this Order requires:

**1.    Information in Documentary Form**

For documentary information (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the appropriate legend ("Confidential,"

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 6

"Highly Confidential," or "Highly Confidential—Source Code") on each page that contains material to be protected.

A Party (or nonparty) that makes information or materials available for inspection by another Party's Litigation Counsel need not make its designations until after the inspecting Party's Litigation Counsel has indicated what material it wants copied and produced.  Prior to actual designation, all information and material made available for inspection shall be deemed "Highly Confidential" (or, if Source Code, as "Highly Confidential—Source Code").  After the inspecting Party's Litigation Counsel has identified the material that it wants copied and produced, the Producing Party shall make the appropriate designation to the identified material and thereafter produce it.

### 2.    Live Testimony (Deposition or Other Pretrial Proceeding or Trial)

The Party (or nonparty) offering, sponsoring, or presenting the live testimony of a witness (fact or expert) shall designate, on the record and at or before the close of the deposition or other pretrial proceeding or trial, any testimony (or any portions thereof) that qualifies as Protected Material.

In the absence of an express statement on the record regarding the treatment of the entirety of a transcript (or where it may be impractical to identify separately each portion of testimony that is believed to be entitled to protection at the time the testimony is given), all transcripts shall be treated as "Highly Confidential" in their entirety until fifteen (15) days after receipt of the official transcript by the Parties unless they expressly agree otherwise at or before the completion of the testimony being given.  Within fifteen (15) days after receipt of the transcript, any Party (or nonparty that offered, sponsored, or presented the testimony) may designate any qualified portions of the transcript as Protected Material by providing written notice to the (i) other Party or Parties (including a nonparty that offered, sponsored, or presented the testimony) and (ii) associated court reporter, identifying the specific testimony (by page and/or line number) and any related exhibits that it believes in good faith constitutes Protected

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 7

Material and the appropriate category of confidentiality.  If portions of the testimony were previously designated as Protected Material during the deposition, hearing, or other proceeding, the Designating Party is not required to redesignate those portions of the transcript during the 15-day period unless the Designating Party wishes to change the designation.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the appropriate confidentiality legend, as instructed by the Party (or nonparty) offering, sponsoring, or presenting the testimony.

### 3. Information Produced in Nondocumentary Form

For information and items to be disclosed or produced but that do not exist in documentary form (including any tangible items), the Producing Party shall affix the appropriate confidentiality legend in a prominent place, when practical (e.g., on the exterior of the container or containers in which the item or information is stored).  If only portions of the nondocumentary information or item are protectable, the Producing Party shall, to the extent practical, identify the protected portions and specify the appropriate level of confidentiality.

## C. INADVERTENT FAILURES TO APPROPRIATELY DESIGNATE

If a Producing Party inadvertently produces material that qualifies for protection under this Order without having marked it with the appropriate confidentiality legend, the Producing Party shall, promptly after learning it has done so, give written notice of the same to each Receiving Party, (i) identifying the correct level of confidentiality; and (ii) providing each Receiving Party with an appropriately-marked copy of the material to replace the previously-produced unmarked (or improperly marked) copy.  If the Producing Party meets its obligations in this regard, any inadvertent failure to properly designate any produced information or material shall not, standing alone, waive the Designating Party's right to secure the proper level of protection for such produced information or material.

Upon receipt of such written notice, the Receiving Party shall thereafter (i) treat the material according to the corrected level of confidentiality; (ii) either destroy any unmarked or

improperly-marked copies of the material (and confirm it has done so, in writing, to the Producing Party) or return any such unmarked or improperly-marked copies to the Producing Party; and (iii) take all commercially-reasonable efforts to retrieve any such unmarked or improperly-marked copies that were given to any person not eligible to receive it under this Order.

## D.   CHALLENGING PROTECTED MATERIAL DESIGNATIONS

### 1.   Timing of Challenges

A Party may challenge a Designating Party's confidentiality designation at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to challenge it right away, unless a prompt challenge to the confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or significant disruption or delay of the litigation.

### 2.   Basis for Challenges

A Party may challenge, as being a proper subject of this Order, any information that: (i) at the time of the designation under this Order is available to the general public; (ii) after designation under this Order becomes available to the general public through no act, or failure to act, attributable to the Receiving Party or its Counsel; and (iii) the Receiving Party, its Counsel, or any authorized recipient of the information can show as a matter of written record was already known to the Receiving Party and/or the public through means other than by a violation of this Order, a confidentiality agreement, and/or federal or state law.

A Party may challenge the designation level, of any Protected Material, so long as it has a good faith basis for believing the designation level is in error.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

**3.      Procedures for Challenges**

Notice of Challenge. A Party that elects to challenge a Designating Party's confidentiality designation must do so in good faith and by serving upon the Designating Party a written notice of objection, which shall identify the Protected Material being challenged and state the basis for the challenge ("Notice of Objection"). The Notice of Objection must be served by email and facsimile.

Response to Objection. Within seven (7) court days after service of a Notice of Objection, the Designating Party must serve a written response to the Notice of Objection either by explaining the legal and factual basis for its belief that the confidentiality designation was proper and should be maintained or by de-designating (or re-designating if appropriate) the challenged material ("Response to Objection"). The Response to Objection must be served by email and facsimile.

Meet and Confer. Within five (5) court days after service of the Response to Objection (assuming the challenging party is not satisfied with the response), the Parties shall meet and confer to discuss the objection and response. If the challenging party's objection is not resolved during the meet and confer, the challenging party may seek judicial intervention as described below.

Judicial Intervention. If the matter is not resolved by the end of the meet and confer, the challenging party may file a motion under Civil Local Rules 7 and 37 (and in compliance with Civil Local Rule 5(g) if applicable) challenging the designation. The motion must be accompanied by a declaration that affirms the movant has complied with, or attempted in good faith to comply with, the requirements imposed in the preceding paragraphs. The movant may submit the challenged material to the Court for in camera inspection. The Designating Party shall have the burden of proving that the challenged material qualifies for the

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 10

designated level of protection and that the designation should be maintained. Until the Court rules on the challenge, the parties shall continue to treat the challenged material under the Designating Party's designation.

### III.    DISCLOSURE AND USE OF PROTECTED MATERIAL

#### A.    BASIC PRINCIPLES

A Receiving Party may use Protected Material that is disclosed or produced by others only for purposes of this litigation, and may disclose such Protected Material only to the categories of persons and under the conditions described in this Order.

Except as otherwise provided herein, a Receiving Party may make reasonable and necessary working copies, abstracts, digests, and analyses of Protected Material for use in this litigation, and any such material shall be deemed Protected Material at the same level of protection as the original and treated accordingly under this Order.  Any copy, abstract, digest, or analysis that incorporates any designated Protected Material shall bear the same designation as the original.

Except as otherwise provided herein, a Receiving Party may convert or translate Protected Material into machine usable/readable form for incorporation into a data retrieval system used in this litigation, provided that access to any converted/translated Protected Material, in whatever form stored or reproduced, is limited to the persons authorized under this Order.

All Protected Material and copies thereof must be stored and maintained by a Receiving Party at a location in the continental United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

#### B.    DISCLOSURE OF PROTECTED MATERIAL DESIGNATED "CONFIDENTIAL"

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "Confidential" only to:

(i)      Litigation Counsel for the Receiving Party;

(ii)     Experts for the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided the procedures in Section III.E. (*see infra*) have been followed;

(iii)    This Court and its personnel (including a technical advisor if one is appointed), the jury, and court reporters or videographers recording testimony or other proceedings in this action;

(iv)     Professional Vendors that provide services in connection with this action (and their reasonably necessary staff) and to whom disclosure is reasonably necessary for this litigation;

(v)      While giving testimony in the case, witnesses who have or previously had authority to view the Protected Material (such witnesses, however, shall not be allowed to retain any Protected Material); and

(vi)     While giving testimony in the case, witnesses who appear on the face of the Protected Material as an author, recipient or source thereof, or who are reasonably determined to be an author, recipient or source thereof in view of other testimony or evidence (such witnesses, however, shall not be allowed to retain any Protected Material).

C.    **DISCLOSURE OF PROTECTED MATERIAL DESIGNATED "HIGHLY CONFIDENTIAL"**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "Highly Confidential" only to:

(i)      Litigation Counsel for the Receiving Party;

(ii)     Experts for the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided the procedures in Section III.E. (*see infra*) have been followed;

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 12

(iii)     This Court and its personnel (including a technical advisor if one is appointed), the jury, and court reporters or videographers recording testimony or other proceedings in this action;

(iv)     While giving testimony in the case, witnesses who have authority to view the Protected Material (such witnesses, however, shall not be allowed to retain any Protected Material); and

(v)     While giving testimony in the case, witnesses who appear on the face of the Protected Material as an author, recipient or source thereof, or who are reasonably determined to be an author, recipient or source thereof in view of other testimony or evidence (such witnesses, however, shall not be allowed to retain any Protected Material).

**D.     DISCLOSURE OF PROTECTED MATERIAL DESIGNATED "HIGHLY CONFIDENTIAL—SOURCE CODE"**

1.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "Highly Confidential—Source Code" only to United States citizens or permanent residents falling within the following categories:

(i)     Litigation Counsel for the Receiving Party of record as of the date of this Order.

(ii)     No more than two (2) Experts for the Receiving Party to whom disclosure is necessary for this litigation, provided the procedures in Section III.E (*see infra*) have been followed;

(iii)     This Court and its personnel (including a technical advisor if one is appointed), the jury, and court reporters or videographers recording testimony or other proceedings in this action;

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 13

(iv)     While giving testimony in the case, witnesses who have authority to view the Source Code (such witnesses, however, shall not be allowed to retain any Source Code); and

(v)     While giving testimony in this case, persons who authored, received, or were directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence.

2.     The disclosure of, access to, and use of Source Code shall further comply with the following:

(i)     All Source Code, and copies thereof, shall be deemed "Highly Confidential—Source Code."

(ii)     Subject to a Party's right to object to production under the federal or local civil rules, Source Code shall be made available to the requesting party for inspection as follows:

    a.   Source Code shall be made available for inspection in its native format as it is organized and kept in the ordinary course of business;

    b.   A10 will make its Source Code available for inspection at Finnegan, Henderson, Farabow, Garrett & Dunner LLP (unless the parties agree to inspection at some other location in the continental United States).  F5 may request production to occur at any of the Finnegan offices, and A10 will make reasonable efforts to comply with this request.

    c.   F5 will make its Source Code available for inspection at Perkins Coie LLP (unless the parties agree to inspection at some other location in the continental United States).  A10 may request production to occur at any of the Perkins Coie offices,

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 14

and F5 will make reasonable efforts to comply with this
request.

d. Source Code shall be made available for inspection during
normal business hours (9:00 a.m. to 5:00 p.m. local time,
Monday-Friday, excluding holidays) upon three (3) business
days notice, unless otherwise agreed on by the Parties.

e. The Producing Party shall provide a stand-alone computer (*i.e.*,
one that is not connected to a network, the Internet, or any
peripheral device) containing the Source Code for the
requesting party to use to review and analyze the Source Code.
The stand-alone computer shall have the necessary tools or
programs to allow proper viewing and searching of the Source
Code.  The Source Code shall be viewable in native, electronic
format, via a text editor program that is designed to display
Source Code, including programming language instructions
and all programmer comments and the like, with support for
text searching within opened source code modules, a line-
numbered format, and support for opening and displaying
multiple software modules simultaneously.  The Source Code
shall be viewable in a format similar to how it would appear to
the Producing Party's software engineers who are responsible
for reviewing, modifying, and maintaining the Source Code.  If
the person reviewing the Source Code on behalf of the
Receiving Party (*i.e.*, the Receiving Party's Outside Counsel
and/or Expert (*see* Section III.D., *supra*) (the "Reviewer"))
cannot view any of the Source Code, he or she will notify the

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

Producing Party of the portions of Source Code that cannot be reviewed, and the Producing Party will promptly take reasonable steps to ensure that the Reviewer is able to review such portions.

f.   While reviewing the Source Code, the Reviewer may take notes relating to the Source Code but may not copy any portion of the Source Code into the notes.

g.   The Producing Party shall enable the stand-alone computer to store print requests in a print folder.  The Reviewer may identify and request reasonable portions of the Source Code to be provided by the Producing Party in print form by making and storing print requests in the print folder provided on the stand-alone computer.  The Producing Party shall provide the Receiving Party's Litigation Counsel with paper copies of the reasonable portions of the Source Code identified by the Reviewer within five (5) business days of the Receiving Party's request, unless otherwise agreed by the parties or objected to by the Producing Party.  The Producing Party will provide the requested paper copies in line-numbered format similar to how the Source Code appeared on screen during the inspection and with the file directory path appearing on each page.  The Producing Party shall Bates number and mark the copies as "Highly Confidential—Source Code."  The Producing Party may object to the production of the Source Code for good cause within five (5) business days of the Receiving Party's request.  Following the Producing Party's

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 16

objection, the Parties will meet and confer on the issue.  If the

issue is not resolved, the Producing Party shall either file a

Motion for a Protective Order or provide the requested Source

Code to the Receiving Party within five (5) business days of

the meet and confer.  If a motion is filed, production shall not

occur unless ordered by the Court.

(iii)    Any paper copies of Source Code provided by the Producing Party may

not be photocopied or otherwise reproduced, except that the Receiving Party's Litigation

Counsel may make up to three (3) photocopies of any portions of the printed Source

Code for its or its Expert's own use in this litigation (exclusive of any copies that may be

used in connection with obtaining witness testimony (*see* Section III.D.1.(iv)-(v), *supra*)

or that may need to be attached to court filings as allowed under this Order).  All paper

copies shall be securely destroyed if they are no longer in use (*e.g.*, unmarked and/or

spare copies at the conclusion of a deposition).  Any copies of Source Code that are

marked as deposition exhibits shall not be provided to the court reporter or attached to

deposition transcripts; rather, the deposition record will identify the exhibit by its

production numbers.

(iv)    Except as otherwise provided in this Order, the Receiving Party may not

create electronic copies or images of the Source Code from the paper copy (*e.g.*, may not

scan the Source Code to a PDF or photograph the code) without the written authorization

of the Producing Party.  The Receiving Party may create an electronic copy or image of

selected portions of the Source Code only when reasonably necessary to accomplish a

filing with the Court or to serve any pleadings or other papers on any other party; or to

prepare other necessary papers in this litigation such as testifying expert reports,

consulting expert written analyses, and related drafts and correspondence.

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 17

(v)      The Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, or any drafts of these documents ("Source Code Documents").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be designated and treated as "Highly Confidential—Source Code" or (2) those pages containing quoted Source Code will be separated from the rest of the document and designated and treated as "Highly Confidential—Source Code."

(vi)      The Receiving Party shall maintain and store any paper or electronic copies of the Source Code at the offices of its Litigation Counsel or Experts in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

**E.    PROCEDURES FOR DISCLOSING PROTECTED MATERIAL TO EXPERTS**

Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert any Protected Material must follow the procedures set forth below:

(i)      The Receiving Party must first identify the Expert to the Designating Party in writing, including (a) identifying the full name of the Expert and the city and state of his or her primary residence; (b) providing a copy of the Expert's current resume; (c) identifying the Expert's current employer(s); (d) identifying each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five (5) years; (e) identifying any litigation (by name and number of the case, filing date, and court) in which the Expert has

provided any professional services during the preceding five (5) years; and (f) providing a copy of an executed "Agreement to Be Bound" in the form attached as Exhibit A.

(ii)     After the Receiving Party has identified an Expert as specified in the preceding paragraph, the Designating Party has ten (10) business days to serve a written objection to the identified Expert receiving Protected Material, explaining in detail the grounds on which the objection is based.  If the Designating Party does not serve a written objection within the 10-day period, the Party seeking to disclose Protected Material to the Expert may do so.  Any written objection must also be served by email and facsimile.

(iii)     If the Designating Party timely serves a written objection, the Parties must meet and confer within five (5) business days of service of the objection to try to resolve the matter by agreement.

(iv)     If no agreement is reached during the meet and confer, the Receiving Party may file a motion seeking permission from the Court to disclose the Protected Material to its Expert.  The motion must be accompanied by a competent declaration that affirms the moving Party has complied (or attempted to comply) with all aspects of the Section III.E. procedure. The Designating Party shall have the burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to its Expert.  Until the Court rules on the motion, the Designating Party's Protected Material shall not be disclosed to the Expert.

**F.     USE OF PROTECTED MATERIAL IN DEPOSITIONS**

Whenever any "Confidential," or Highly Confidential," or "Highly Confidential—Source Code" material is to be discussed or disclosed in a deposition: (a) the Producing Party may require the exclusion from the room of any person who is not entitled to receive such material under this Order; and (b) any Party who will discuss or disclose material bearing any such designation shall first exclude from the room any person who is not entitled to receive such material under this Order before discussing or disclosing the material.

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 19

**G.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued by a court in another litigation that would compel disclosure of any Protected Material, whether designated "Confidential," "Highly Confidential," or "Highly Confidential—Source Code," the Receiving Party must notify the Designating Party, in writing, and within three (3) business days after receiving the subpoena or order, including providing the Designating Party with a copy of the subpoena or court order.

At the same time that the Designating Party is notified, the Receiving Party must also inform, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this SPO, including providing a copy of this SPO.

The purpose of imposing these duties is to alert the interested parties to the existence of this SPO and to afford the Designating Party in this litigation an adequate opportunity to try to protect its interests in the Court that issued the subpoena or order, and the Designating Party shall bear the burdens and the expenses of doing so.  Nothing in this SPO should be construed as authorizing or encouraging a Receiving Party to disobey a subpoena or order (or other lawful directive) from another court.

**H.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any entity(ies) or person(s) not authorized under this Order to receive the Protected Material, the Receiving Party must immediately (a) notify the Designating Party, in writing, of the unauthorized disclosure(s), (b) use its best efforts to retrieve any hardcopies of the improperly-disclosed Protected Material, (c) inform the entity(ies) or person(s) to whom unauthorized disclosures were made of all the terms of this Order, (d) request any such entity(ies) or person(s) to execute the Acknowledgment and Agreement to Be Bound (Exhibit

A), and (e) request any such entity(ies) or person(s) to destroy copies of any Protected Material that may be in its/their possession.

## I.       FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this litigation any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with the rules of this Court, including Local Civil Rule 5(g).

The Parties shall not present or quote from any Protected Material in open court, unless the Court orders otherwise.  Except in documents properly filed under seal, the Parties shall not present or quote from any Protected Material in any pleading or document.  The Parties agree to undertake their best efforts to ensure that any presentation of, or quotations from, Protected Material being heard by the Court is done under such conditions and safeguards as the Court may impose to prevent improper public disclosure of Protected Material.  Prior to trial the Parties shall meet and confer concerning appropriate methods for dealing with Protected Material at trial.

## IV.     PROSECUTION BAR

A.       Any person that reviews or in any way gains knowledge of the contents of any Protected Material produced by an opposing party (referred to in this section as "Prosecution Bar Material") shall not engage in any Prosecution Activity (as defined below) on behalf of any Party or nonparty involving claims on a method, apparatus, or system that is related or similar to any information or subject matter contained in any Prosecution Bar Material produced by an opposing party for a period commencing on the date that person reviews such material or in any way gains knowledge of its contents (whichever is earlier) and ending two (2) years following the conclusion of this case (including any appeals).  Furthermore, any person that reviews or in any way gains knowledge of the contents of any Prosecution Bar Material produced by an opposing party shall not engage in any Prosecution Activity on behalf of any Party or nonparty

involving claims on a method, apparatus, or system that pertains to the distribution of data over a network via traffic managers for a period commencing upon the date that person reviews such material or in any way gains knowledge of its contents (whichever is earlier) and ending two (2) years following the conclusion of this case (including any appeals). "Prosecution Activity" refers to (i) preparing any patent application (or portion thereof), whether design or utility, and whether in the United States or abroad on behalf of a patentee or an assignee of a patentee's rights, including, but not limited to, drafting patent claim(s); (ii) participating, in any substantive manner, in any reissue or reexamination proceedings; or (iii) providing any advice or counsel regarding, or in any other way influencing, claim scope and/or any language to be included in any U.S. or foreign patent application.

B.     The following documents and material shall not constitute Prosecution Bar Material:  (i) nontechnical documents and information related only to damages or reasonable royalty rates; (ii) technical documents, including patents and published patent applications, authored or published by a nonparty; (iii) material describing any nonparty's systems or products, unless such material is designated as Protected Material by a Designating Party; and (iv) information and material that is publicly available, publicly known, or in public use.

## V.     FINAL DISPOSITION OF PROTECTED MATERIAL

Unless otherwise ordered by the Court or agreed in writing by the Designating Party, each Receiving Party must return all Protected Material that it received during the course of this litigation (including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material) to the Designating Party within thirty (30) days of the final termination of this case, including any appeals.  With permission in writing from the Designating Party, the Receiving Party may alternatively destroy some or all of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must provide a written certification of compliance to the Designating Party by the thirty (30) day deadline.

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 22

Notwithstanding this provision, Litigation Counsel are entitled to retain one (1) archival copy of all pleadings, court papers (including exhibits), hearing and/or deposition transcripts (including exhibits), legal memoranda, correspondence, and attorney work-product, even if such materials contain Protected Material.  Any archival copies that contain or constitute Protected Material remain subject to this SPO.  Counsel need not delete or destroy Protected Material that is integrated into its working files.

Any Expert who is provided Protected Material must cooperate with Litigation Counsel in the return and/or destruction of all such Protected Material in their possession, custody or control and must ensure that such material is returned to Litigation Counsel and/or destroyed within twenty (20) days of either the final termination of this case (including any appeals) or the termination of their consultancy, whichever occurs first.  Any affected Expert shall certify his/her compliance with this provision, in writing, and shall deliver such certification to Litigation Counsel for the party for which they have provided services not more than ten (10) business days after complying with their obligations hereunder.  Litigation Counsel shall promptly forward a copy of such certification to Litigation Counsel for the Designating Party.

## VI.    PRIVILEGED INFORMATION

If a Disclosing Party unintentionally discloses to the Receiving Party information that the Disclosing Party believes is privileged or otherwise immune from discovery, the Disclosing Party shall promptly upon discovery of the unintentional disclosure advise the Receiving Party in writing and identify the information that it believes should be returned.  The Receiving Party shall return such information (and any and all copies thereof) within ten (10) calendar days after receiving a written request from the Disclosing Party.  By returning such information, the Receiving Party does not waive its rights to challenge the Disclosing Party's assertion of any privilege or immunity.

Nothing in this SPO shall require production of information or material that a Party contends is protected from disclosure by the attorney-client privilege, the work product

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 23

immunity, or other privilege, doctrine, right, or immunity.  If information or material subject to a claim of privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.

The requirements of the SPO do not supersede Fed.R. Civ. P. 26(b)(5)(B) and the Federal Rules of Evidence.

## VII.   MISCELLANEOUS

**A.   RIGHT TO FURTHER RELIEF**

Nothing in this SPO limits the right of any Party to seek modification of this SPO's terms by the Court in the future.

**B.   RIGHT TO ASSERT OTHER OBJECTIONS**

By stipulating to the entry of this SPO, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this SPO.  Similarly, no Party's stipulation to entry of this SPO has effected any waiver of any right to object, on any ground, to the use in evidence of any of the material covered by this SPO.

**C.   RIGHT TO ADVISE PARTIES**

Nothing in this Order shall prevent Counsel from advising their respective Parties in any way relating to this litigation, provided that Counsel does not expressly disclose to its clients any information designated by the other Party as Protected Material.

**D.   USE OF PROTECTED MATERIALS BY DESIGNATING PARTY**

Nothing in this Protective Order shall limit a Designating Party's use of its own Protected Material, nor shall any terms prevent a Designating Party from disclosing its own Protected Material to any entity or person.  Any such disclosure (by a Designating Party of its own Protected Material) shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 24

**E.     CLIENT COMMUNICATION**

Nothing in this Protective Order shall prevent or otherwise restrict Counsel from rendering any advice to any Party and, in the course of rendering such advice, relying upon their examination of Protected Material.  In rendering such advice and otherwise communicating with any Party, however, Counsel shall not make specific disclosure of any Protected Materials, except as permitted by this Protective Order.

**F.     MODIFICATION OF TERMS**

The terms of this SPO may only be modified or terminated by written stipulation of the Parties and acceptance of the same by order of this Court.  Each Party reserves the right to seek modification of this SPO's terms at any time for good cause, subject to their agreement to meet and confer prior to seeking any modification and reach an agreement on any proposed modifications without involvement of the Court.

**G.     ADDITION OF PARTIES**

If a new Party is added, substituted, or brought into this case, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order from the Court.

**H.     PROTECTION OF NONPARTIES**

A nonparty producing information or items voluntarily or pursuant to a subpoena or an order from this Court may designate the information or items it intends to produce with any of the Confidentiality designations recognized by this SPO.  *See* Section I.C.6.-8., *supra*.  Such a nonparty is a Designating Party under this Order and shall be entitled to all rights and protections afforded herein, but a nonparty's use of this Order does not entitle it to any access to any Protected Material produced by any other Party or nonparty.

**I.     FEDERAL RULES OF CIVIL PROCEDURE**

Nothing in this Protective Order shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court.

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 25

Dated this 21st day of February, 2011.

Stipulated to and presented by:

/s/ William D. Fisher
Ramsey Al-Salam, WSBA #18822
RAlSalam@PerkinsCoie.com
Ryan J. McBrayer, WSBA #28338
RMcBrayer@PerkinsCoie.com
William D. Fisher, WSBA #27475
WFisher@perkinscoie.com
S. Kameron K. Parvin, WSBA #41016
KParvin@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone:  (206) 583-8888
Facsimile:  (206) 583-8500

Attorneys for Plaintiff F5 Networks, Inc.

/s/ Scott R. Mosko
John A. Knox, WSBA #12707
jknox@williamskastner.com
**WILLIAMS KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Facsimile:  (206) 628-6611

and

Scott R. Mosko, *admitted pro hac vice*
Scott A Herbst, *admitted pro hac vice*
Smith R. Brittingham IV, *admitted pro hac vice*
Lionel M. Lavenue, *admitted pro hac vice*
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone:  (650) 849-6600
Facsimile:  (650) 849-6666

Attorneys for Defendant A10 Networks, Inc.

It is so ordered.

Dated this _22nd_ day of ___February__, 2011.


Marsha J. Pechman
United States District Judge

STIPULATED PROTECTIVE ORDER
(CASE NO. 2:10-CV-00654-MJP) – 26

**EXHIBIT A**

**AGREEMENT TO BE BOUND**

I, _____, hereby declare that:

1.      I currently reside at _____

_____

2.      I am employed as _____

by _____

3.      I have read and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington in the case of *F5 Networks, Inc. v. A10 Networks, Inc.*, Case No. 2:10-cv-00654-MJP (the "Action").

4.      I agree to comply with and be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to comply could expose me to sanctions for contempt.

5.      I specifically agree not to review, discuss, use or disclose any material designated as "Protected Material" under the Stipulated Protective Order in any manner or to any person or entity except in strict compliance with the Stipulated Protective Order and only for the purpose of this Action.

6.      I also understand and agree that all Protected Material and copies thereof, as well as work product generated therefrom, must be stored and maintained in a secure manner that ensures that access is limited to the persons authorized under the Stipulated Protective Order.

7.      I am neither employed nor currently engaged by a direct competitor of the parties or by any of the parties to this Action (other than as a litigation expert), nor do I have a current expectation of such engagement, and I will not accept or discuss such engagement during the pendency of the Action.  If I become engaged in business as a competitor of any party to this action at any time after I execute this Agreement to Be Bound and during the pendency of the

**EXHIBIT A** – AGREEMENT TO BE BOUND
(CASE NO. 2:10-CV-00654-MJP) – 1
34897-0019/LEGAL20244258.1

Action, I will promptly inform counsel for the party who retained me in the Action, and I will not thereafter review any Protected Material unless and until the Court orders otherwise.

8.      I understand and agree that within twenty (20) business days after a request by counsel for the party who retained me in the Action, the termination of my engagement, or the termination of this Action, whichever occurs first, I must return and/or destroy at counsel's direction all Protected Material in my possession, custody or control.  I further understand and agree that I shall certify my compliance with this requirement in writing no more than ten (10) business days after complying.

9.      I acknowledge and agree that by signing this Agreement to Be Bound, I am subjecting myself to the jurisdiction and venue of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of the Stipulated Protective Order.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.


Executed this ___ day of _____, 2011 in _____.



By:      _____

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## CERTIFICATE OF SERVICE

I certify that on February 21, 2011, I caused the foregoing to be served via the Court's

CM/ECF system on the following attorney(s) of record for the defendant A10 Networks, Inc.:

| | |
|---|---|
| John A. Knox<br>jknox@williamskastner.com<br>**WILLIAMS KASTNER & GIBBS**<br>601 Union Street, Suite 4100<br>Seattle, WA 98101<br>Telephone:  (206) 628-6600<br>Facsimile:  (206) 628-6611 | Scott R. Mosko, *admitted pro hac vice*<br>Scott.mosko@finnegan.com<br>Scott A Herbst, *admitted pro hac vice*<br>Scott.herbst@finnegan.com<br>Smith R. Brittingham IV, *admitted pro hac vice*<br>Smith.brittingham@finnegan.com<br>Lionel M. Lavenue, *admitted pro hac vice*<br>Lionel.lavenue@finnegan.com<br>**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**<br>3300 Hillview Avenue<br>Palo Alto, CA 94304-1203<br>Telephone:  (650) 849-6600<br>Facsimile:  (650) 849-6666 |

DATED this 21st day of February, 2011.

/s/ *William D. Fisher*
William D. Fisher

CERTIFICATE OF SERVICE
(CASE NO. 2:10-CV-00654-MJP) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

34897-0019/LEGAL20244258.1