UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F5 NETWORKS INC, | CASE NO. C10-654 MJP |
| Plaintiff, | ORDER ON MOTION FOR RECONSIDERATION |
| v. | |
| A10 NETWORKS, INC., | |
| Defendant. | |

The Court, having received and reviewed:

1. Plaintiff F5 Networks Inc.'s Motion for Reconsideration of Court's Construction of Claim Term 4 (Dkt. No. 123)
2. A10 Networks Inc.'s Response to Plaintiff F5 Networks Inc.'s Motion for Reconsideration of Court's Construction of Claim Term 4 (Dkt. No. 130)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is DENIED.

ORDER ON MOTION FOR RECONSIDERATION- 1

## Background

The Court's Order on Claim Construction, Part 1 (Dkt. No. 119), construed Claim Term 4 ("source[/destination] address") as:

> ***A number or series of numbers that identifies one network device as being the source[/destination] of the packet, distinguishing it from the other network sources on the computer network.***

## Discussion/Analysis

Plaintiff requests reconsideration of that construction on several grounds:

1. <u>The Court's construction excludes express examples of source and destination addresses given in the claims and specifications.</u>

The examples cited by Plaintiff fall into two categories. Claims 7, 15, and 25 of the '996 Patent and Claim 5 of the '427 Patent recite

> [W]herein each address includes at least one of a media access control [MAC] address, a virtual local area network (VLAN) identifier, a transmission control protocol (TCP) port, a user datagram protocol (UDP) port, an internet protocol (IP) address, physical port identifier, and a physical port.

First, the Court notes that to say that *an address* "<u>includes</u> at least one of" the items listed is *not* the same thing as saying that any one of the items on its own <u>is</u> *an address*. As Defendant puts it, the use of the phrase "includes" signifies that "the listed items are *necessarily* a part of the claimed 'address[es]'; it does not indicate that any one of these items, alone, *is sufficient* to form an 'address.'" Def Brief, p. 9 (emphasis in original).

Second, there is case law holding that, when the phrase "at least one of" is followed by a list of items using "and," the series is <u>conjunctive</u>: i.e., at least one of each

of the items in the list must be present. Superguide Corp. v. DirecTV Enterprises, Inc. 358 F.3d 870, 886 (Fed. Cir. 2004). This does not support Plaintiff's argument.[1]

Plaintiff points to one other example of specification language which it claims is excluded by the Court's construction:

> A source or destination address may be an IP address, a port address, such as UDP or TCP, VLAN ID, physical port identifier, physical port, or some combination thereof. Alternatively, a source or destination address may be some other layer 1-7 address. ('996 Patent at 16:6-10 and '427 Patent at 14:31-36.)

Plaintiff argues that the specifications define the terms "UDP," "TCP," "VLAN ID," "physical port identifier," and "physical port" as examples of "a source or destination address" (and then argues that the Court's construction is in error because none of these items, on its own, distinguishes one network device from another). The Court disagrees with F5's characterization of these terms and finds it inconsistent with the specification language: the Court reads "such as" as *modifying* "a port address" (in other words, the terms listed after "such as" are included as *types* of "port addresses"); there is no other way to read "such as" in the context of this sentence. With that understanding, the specification reads as "A source or destination address may be an IP address, one of any number of different kinds of port addresses, or some combination of these."

Further, the Court is satisfied that the terms (UDP, TCP, etc.) which appear in the above specifications, when considered as types of "port addresses," all incorporate the concept of being conjoined to an IP address in order to qualify as "addresses:"

---

[1] This may explain why, at the conclusion of its briefing, Plaintiff attempts to rewrite the language of the claim in their reconsideration brief, substituting "or" for "and" in the "at least one of" list. Pltf Brief, p. 10.

- **TCP ("transmission control protocol")**: Defendant cites to the "TCP Specification (1981)," the document published by the Defense Advanced Research Projects Agency ("DARPA," which the Court considers an authoritative source), to establish that in order "[t]o provide for unique addresses within each TCP, we concatenate an internet address identifying the TCP with a port identifier to create a socket which will be unique throughout all networks connected together." Def. Ex. D, p. 3.

- **UDP ("user datagram protocol")**: The "UDP Specification (1980)" (also published by DARPA) states that the term "Destination Port" "has a meaning within the context of a particular internet destination address." Def. Ex. E, p. 2.

- **VLAN ("virtual local area network") identifier:** the specifications in both patents refer to "VLAN addressing" and "the VLAN standard." '996 Patent, 20:31-42; '427 Patent 18:50-55. The "IEEE [Institute of Electrical and Electronics Engineers, Inc.] Standards for Local and Metropolitan Area Networks: Virtual Bridge Local Area Networks" (Dec. 1998) clearly draw a distinction between "port numbers" ("the number of the bridge port") and "port addresses" ("the specific MAC Address of the individual MAC entity associated with the Port"). Def. Ex. N, p. 3. A "port address" utilizing a "VLAN identifier" would be more than simply a port number alone.

- **Physical port identifier/physical port:** Again, consistent with the example cited in the "VLAN Standard" and the Court's reasoning in the original order, a "port address, such as… a physical port identifier and a physical port" would include both the port number and network address such as a MAC or IP address.

Defendant's expert confirms that a person of ordinary skill in the art would understand a "port address" to include both these elements. Dkt. No. 100-1 at ¶ 72.

- **Some other layer 1-7 address:** Plaintiff points out that the Layer 4 address is the port number, but the question is "What would a person of ordinary skill in the art at the time of the patent filing understand 'Layer 4 address' to mean?" Defendant produces documentation from "HTTP: The Definitive Guide" (Sept. 2002) which states that "[e]ach packet has a layer-4 address, *consisting of the source and destination IP address and TCP port numbers.*" Def. Ex. I, p. 5 (emphasis supplied). The Court is satisfied that a "Layer 4 address" would be understood to mean a combination of IP address and port number.

2. <u>"Port number" and "port address" are synonymous</u>

Plaintiff first attacks the Court's underlying rationale that the address must be something that is sufficient to distinguish network devices[2] by reiterating its argument that many of the patents' examples of source and destination addresses are not sufficient to distinguish network devices from one another. This argument has been addressed *supra* – since the Court is construing "port address" to include "IP address and port number" and rejecting the contention that "port number" and "port address" are the same thing, Plaintiff cannot make this argument persuasively. And none of its examples, as reviewed and analyzed above, support the contrary argument.

---

[2] In its briefing, F5 adds the additional qualifier of "sufficient to *send a packet to its ultimate destination*" (Pltf Brief, p. 6; emphasis supplied) but that is <u>not</u> what the Court's construction says – the Court has construed the term to require "a number or series of numbers that identifies one network device… distinguishing it from the other network sources…"

Second, Plaintiff resubmits its "extrinsic evidence" from the original claim construction briefing to demonstrate that persons of ordinary skill in the art would understand "port number" and "port address" to be interchangeable terms. The Court finds F5's extrinsic evidence to be weak – articles from Wikipedia (where information is unattributed and can be added by anyone), a blog posting from "Errata Security" by an uncredentialed author, and an "eHow" article by an author with a BA in journalism and English (Plaintiff Brief, Exs. 1-3) are not authoritative or persuasive sources. Furthermore, all the articles were published <u>after</u> the filing of these patents and are therefore immaterial for purposes of evaluating the understanding of a person of ordinary skill in the art *at the time of filing*.

**Conclusion**

Plaintiff has failed to persuade the Court that the construction of Claim Term 4 was the result of either factual or legal error. F5's motion for reconsideration is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 11, 2011.

Marsha J. Pechman
United States District Judge